UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Albert White, | Case No. 18-cv-3424 (ECT/DTS) |
| Plaintiff, | |
| v. | **ORDER**<br>**&**<br>**REPORT AND RECOMMENDATION** |
| Diana Vanderbeek, *et al.*, | |
| Defendants. | |

_____

Albert White, 260187, MCF-St. Cloud, 2305 Minnesota Blvd. SE, St. Cloud, MN 56304, *Pro Se* Plaintiff

Anthony Novak, Bradley Prowant, and Carolin Nearing, Larson King LLP, 30 East 7th Street, Suite 2800, St. Paul, MN 55101, for Defendants

___

Plaintiff Albert White filed a lawsuit alleging that health care providers at the Sherburne County Jail acted with deliberate difference to his medical needs in violation of the Eighth Amendment. Docket No. 1. On February 28, 2020 Defendants moved for summary judgment, asserting that his claim amounts to a disagreement over medical treatment and fails as a matter of law. Docket Nos. 31, 33. White did not respond to their motion. For the reasons stated below, the Court recommends the motion be granted.

Defendants also moved for leave to file certain medical information under seal in connection with their summary judgment motion. Docket No. 29. As set forth below, the Court grants the motion.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of identifying the basis for its motion and the portions of the record that it believes demonstrate the absence of a genuine dispute of material fact. *Bedford v. Doe,* 880 F.3d 993, 996 (8th Cir. 2018). Once the moving party satisfies

the initial burden, the nonmoving party must respond by submitting evidentiary materials of specific facts showing the presence of a genuine issue for trial. *Id.* at 997. The nonmoving party must do more than raise some metaphysical doubt about the material facts and cannot rest on mere denials or allegations. *Id.* Rather, he must present enough evidence so that a jury could reasonably find in his favor. *Id.*

In support of their motion, Defendants submitted medical records documenting White's course of medical treatment at the Sherburne County Jail. White arrived at the jail on July 10, 2018. Novak Decl. Ex. A at 2,[1] Docket No. 36. He received care, including mental health care, for conditions including pain on many occasions at the jail, but it was not the particular treatment he wanted. Specifically, White sought a particular pain medication. *Id.* at 3, 6-7, 10, 13, 15, 18, 20-21, 24, 28, 33, 41, 43, 50, 53, 56. Defendants initially did not allow this medication due to the results of his drug screen when he first arrived at the jail. *Id.* at 7. The medication also was not listed on his July 9, 2018 paperwork from the Bureau of Prisons (BOP). *Id.* at 13, 18. Hennepin County Medical Center (HCMC) records received on August 6, 2018 indicated a prescription for White's preferred medication from April 2018. *Id.* at 18. However, more recent BOP records received on August 7, 2018 showed he had not received this medication while in BOP custody and instead was prescribed an alternative pain medication, which is the one that was on his person when he arrived at Sherburne County Jail on July 10, 2018. *Id.* at 2, 20-21.

At times White took alternative pain medications at Sherburne County Jail but then stopped, instead signing Against Medical Advice (AMA) forms that document his refusal

---

[1] Exhibit A consists of 170 pages of medical records. The page numbers cited refer to the numbers stamped in the lower right corner of each page. The records are dated July 10, 2018 through February 11, 2019. White filed this lawsuit on December 18, 2018.

to take those medications. *Id.* at 10, 20-21, 24, 46, 53, 77, 95-97. He claimed they either did not work or caused side effects, but the records indicate that White took them for too short a time for them to be effective and/or that the claimed symptoms/side effects would not likely be caused by the medication. *Id.* at 28, 30, 33-34, 41. Two other medications that White had agreed to take were provided to him, including refills when requested by White. *Id.* at 15, 46, 52, 65, 69, 71-74, 78, 94.

White did not file any response to Defendants' motion; thus he has not responded to Defendants' arguments and evidence with specific factual support for his claim that is sufficient to sustain a verdict in his favor. White also did not request any extension of the deadline or otherwise communicate with the Court. His failure to respond constitutes a waiver, and Defendants' motion should be granted. *See Christensen v. PennyMac Loan Servs., LLC*, 988 F.Supp.2d 1036, 1042 (D. Minn. 2013) (citing cases). In addition, the record submitted by Defendants indicates only that White disagreed with his medical providers about his medical treatment, specifically with respect to his desired pain medication. Mere disagreement with treatment decisions is insufficient as a matter of law to constitute deliberate indifference to medical needs in violation of the Eighth Amendment. *See Jones v. Minnesota Dep't of Corrections,* 512 F.3d 478, 482 (8th Cir. 2008). Defendants' summary judgment motion should be granted.

## ORDER

Defendants moved for leave to file their memorandum of law [Docket No. 33] and Exhibit A [Docket No. 36] under seal because those documents contain medical records and information. Docket No. 29. They filed a public redacted version of their memorandum of law. Docket No. 34. The Court has reviewed the documents at issue and finds they merit sealing from the public. Although this motion is not the normal procedure under

Local Rule 5.6 (which contemplates a Joint Motion by both parties after briefing of the motion has concluded), in light of White's failure to respond to the summary judgment motion, the Court grants Defendants' motion to seal and orders the documents to remain sealed.

**IT IS HEREBY ORDERED**:

1. Defendants' Motion for Leave to File Documents Under Seal [Docket No. 29] is GRANTED.

2. The Clerk of Court is directed to keep the following documents **sealed**: Docket Nos. 33 and 36.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Defendants' Motion for Summary Judgment [Docket No. 31] be GRANTED and this action be dismissed with prejudice.

Dated: April 24, 2020

s/David T. Schultz_____
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).